J-S22035-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :        PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| MARIO ORLANDO GAITAN | : |
| | : |
| Appellant | : No. 3075 EDA 2025 |

Appeal from the Judgment of Sentence Entered November 17, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001850-2024

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:           **FILED AUGUST 13, 2026**

Appellant, Mario Orlando Gaitan, appeals from the aggregate judgment of sentence of 17 to 34 years of incarceration followed by 3 years of probation imposed after he plead guilty to possession with the intent to deliver a controlled substance ("PWID"), criminal conspiracy, corrupt organizations, and dealing in the proceeds of unlawful activity.[1] Appellant's counsel has filed a petition to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The record reflects that in a 73-count information filed on June 18, 2024, the Commonwealth charged Appellant with multiple counts of PWID,

_____

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. §§ 903, 911(b)(3), and 5111(a)(1), respectively.

conspiracy, corrupt organizations, and dealing in the proceeds of unlawful activity following a year-long drug trafficking investigation. *See* Information, 6/18/24, at 1-4; Affidavit of Probable Cause, 12/27/22, at 1-69. On July 24, 2025, Appellant entered an open guilty plea to one count of PWID, one count of conspiracy, one count of corrupt organizations, and one count of dealing in the proceeds of unlawful activity. Written Guity Plea, 7/24/25, at 1-11. On November 12, 2025, the trial court sentenced Appellant to a term of 9½ to 19 years of incarceration for PWID as a second or subsequent offender, 5 to 10 years of incarceration for conspiracy, 2½ to 5 years of incarceration for corrupt organizations, and three years of probation for dealing in the proceeds of unlawful activity. The trial court ordered all of the sentences to run consecutively resulting in an aggregate sentence of 17 to 34 years of incarceration followed by 3 years of probation. *See* N.T., 11/12/25, at 17-19; Amended Sentencing Order, 11/17/25, at 1-2.[2]

Appellant filed a timely post-sentence motion from the amended sentencing order, seeking modification of his sentence. Post-Sentence Motion, 11/17/25, at 1-2. Appellant's post-sentence motion was denied that same day. *See* Order, 11/17/25 (single page). Thereafter, Appellant filed a timely notice of appeal. Appellant's counsel subsequently filed a statement of intent to file an ***Anders/Santiago*** brief and motion to withdraw pursuant to

_____

[2] The amended sentencing order clarified that the sentence in this case was to be served consecutively to sentences Appellant was serving in the state of Texas. Amended Sentencing Order, 11/17/25, at 2.

Pa.R.A.P. 1925(c)(4), and on February 11, 2026, the trial court filed its Rule 1925(a) statement.

In the **Anders** brief, counsel identifies one issue which might arguably support an appeal. **Anders** Brief at 11. The issue challenges the discretionary aspects of Appellant's sentence. **See id.**

Before we determine whether the issue counsel identified is frivolous, we must first address the petition to withdraw. When presented with a petition to withdraw, this Court "must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted." **Commonwealth v. Weitzel**, 304 A.3d 1219, 1223 (Pa. Super. 2023). When seeking to withdraw as counsel on a direct appeal under **Anders**,

> counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient **Anders** brief; and (3) provide a copy of the **Anders** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention.

**Id.** Furthermore:

> [A]n **Anders** brief must comply with all the following requirements:
>
> > [T]he **Anders** brief ... must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record,

> controlling case law, and/or statutes on point that have led
> to the conclusion that the appeal is frivolous.

*Id.* at 1223-24 (citing *Santiago*, 978 A.2d at 361). After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court will then "conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous." *Id.* at 1224.

Here, counsel indicates that he made a conscientious examination of the record, and the *Anders* brief includes a summary of the relevant history of the case, refers to the pertinent portions of the record in his analysis of the arguable appellate issue, and sets forth the conclusion that Appellant's appeal is frivolous. *Anders* Brief at 12-17. Counsel also explains his reasoning in reaching that conclusion and supports his rationale with citations to the record and pertinent legal authority. *Id.* Further, the record includes counsel's petition to withdraw and a copy of the letter he sent to Appellant in which counsel informed Appellant of his right to proceed *pro se* or retain private counsel. The letter also informed Appellant that he had the right to raise any additional points to this Court as he deemed necessary.[3] We conclude that counsel has complied with the technical requirements for withdrawal, and we will now conduct our own review of the issue Appellant seeks to raise on appeal.

---

[3] Appellant did not file a response.

As stated above, counsel identified an issue concerning the discretionary aspects of Appellant's sentence that might arguably support his appeal. ***See Anders*** Brief at 13-16.[4] We note there is no absolute right to appeal when challenging the discretionary aspect of a sentence, even in instances where counsel files an ***Anders*** brief. ***See, e.g., Commonwealth v. Thompson***, 333 A.3d 461, 467 (Pa. Super. 2025). Before reaching the merits of such claims we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a

---

[4] Although the ***Anders*** brief focuses on the discretionary aspects of Appellant's sentence, counsel also mentions the legality of the sentence. ***See Anders*** Brief at 13 (stating "the trial court abused its discretion and fashioned an illegal sentence"). Therefore, we briefly address the legality of Appellant's sentence. An illegal sentence is a sentence that exceeds statutory limits or is imposed without jurisdiction or statutory authority. ***See Commonwealth v. Archer***, 722 A.2d 203, 209 (Pa. Super. 1998). Here, the trial court had jurisdiction and the statutory authority to impose sentence. ***See Commonwealth v. Gross***, 101 A.3d 28, 32 (Pa. 2014) (stating "[j]urisdiction relates to the court's power to hear and decide the controversy presented …. All courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code"); 18 Pa.C.S. § 102(a)(1) (providing that a person may be convicted for offenses occurring within this Commonwealth for conduct constituting an element of the offense which occurred in the Commonwealth); 42 Pa.C.S. § 931(a) (courts of common pleas have unlimited original jurisdiction unless otherwise provided for by another statute or rule). Furthermore, none of Appellant's sentences exceeded the statutory maximum sentence. ***See*** 35 P.S. §§ 780-113(f)(1.1.), 780-115; 18 Pa.C.S. §§ 911(c), 5111(b), and 1103(1). Accordingly, Appellant's sentence is not illegal, and we agree with counsel's assessment that an appeal on this issue would be frivolous. ***See Anders*** Brief at 17.

substantial question that the sentence is inappropriate under the Sentencing Code.

*Id.* (citation omitted).

As stated above, Appellant filed a timely post-sentence motion preserving the issue and a timely appeal. However, upon review of the *Anders* brief, we note that there is no Rule 2119(f) statement. Nevertheless, this Court may overlook the failure to include a Rule 2119(f) statement where, as here, the Commonwealth does not object to the omission. *See Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) (explaining that "[i]f an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth does not object, the reviewing Court may overlook the omission if the presence or absence of a substantial question can easily be determined from the appellant's brief") (citation omitted)). Here, the Commonwealth has not objected.[5] Therefore, we will proceed to determine whether Appellant presented a substantial question.

In his post-sentence motion, although Appellant briefly mentioned various sentencing factors, he never asserted that the trial court failed to consider any particular sentencing factors in his case. *See* Post-Sentence Motion, 11/17/25, at 1. Rather, Appellant merely requested a reduced minimum aggregate sentence, challenging only the consecutive nature of his sentence. *See id.* at 1-2 (stating: "[Appellant] respectfully submits a lower

---

[5] Curiously, the Commonwealth erroneously asserts that Appellant complied with Rule 2119(f). *See* Commonwealth's Brief at 7.

sentence, even a 10[-]year sentence, would be warranted. Such a sentence is a concurrent sentence on all four counts, all of which arise from a single course of conduct for a single transaction, as all other counts were withdrawn[;]" and continuing: "WHEREFORE, [Appellant] respectfully requests RECONSIDERATION of his sentence, and requests a lower minimum sentence of 9.5 to 10 years, with the overall sentence to run concurrent to the Texas [sentence]").

Here, Appellant's sentences were in the standard range of the sentencing guidelines,[6] and we conclude that Appellant's claim that his consecutive terms of incarceration should have been concurrent is simply a bald claim of excessiveness that does not present a substantial question. *See Commonwealth v. Crawford*, 254 A.3d 769, 782 (Pa. Super. 2021) (stating that "[b]ald claims of excessiveness do not amount to a substantial question"); *see also Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010) (a claim that a sentence is excessive where the sentences are all consecutive and within the sentencing guidelines generally does not raise a substantial question).

Accordingly, because we conclude that Appellant has not presented a substantial question, Appellant has failed to invoke our jurisdiction and therefore, we agree with counsel that any appeal of that issue would be frivolous. Moreover, our independent review of the record has uncovered no

_____

[6] *See Anders* Brief at 15; *see also* N.T., Sentencing, 11/12/25, at 3-17; Guideline Sentence Forms 1-4, filed 1/8/26.

other non-frivolous issue in this case.  For these reasons, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/13/2026